# 22-13217-JJ

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

DAVID E. STONE, KARI S. CARROLL, and DAVID DEPADRO,

Plaintiffs-Appellants

v.

COMMISSIONER OF INTERNAL REVENUE,

Defendant-Appellee

## ON APPEAL FROM THE JUDGMENT OF THE
## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

## BRIEF FOR THE APPELLEE

DAVID A. HUBBERT
*Deputy Assistant Attorney General*

ARTHUR T. CATTERALL                (202) 514-2937
LAUREN E. HUME                        (202) 307-2279
*Attorneys*
*Tax Division*
*Department of Justice*
*Post Office Box 502*
*Washington, D.C. 20044*

*Of Counsel:*
MARKENZY LAPOINTE
*United States Attorney*

***Stone v. Commissioner*** (11th Cir. – No. 22-13217-JJ)

**C-1 of 2**

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and

Eleventh Circuit Rule 26.1-1, counsel for the United States of America,

on behalf of Commissioner of Internal Revenue, hereby certify that, to

the best of their knowledge, information, and belief, the following

persons and entities have an interest in the outcome of this appeal:

Carroll, Kari S., as surviving spouse of Thomas Carroll, Plaintiff-

Appellant;

Catterall, Arthur T., Attorney for Defendant-Appellee, Appellate

Section, Tax Division, United States Department of Justice;

Depadro, David C., Plaintiff-Appellant;

Hauser, Robert J., Attorney for Plaintiffs-Appellants, Sniffen &

Spellman, P.A.;

Hubbert, David A., Deputy Assistant Attorney General, Tax

Division, United States Department of Justice;

Hume, Lauren E., Attorney for Defendant-Appellee, Appellate

Section, Tax Division, United States Department of Justice;

*Stone v. Commissioner* (11th Cir. – No. 22-13217-JJ)

**C-2 of 2**

Lapointe, Markenzy, United States Attorney, Southern District of Florida;

Marra, Kenneth A., Senior United States District Judge, United States District Court for the Southern District of Florida;

O'Donnell, Douglas, Acting Commissioner of Internal Revenue, Defendant-Appellee;

Richman, Gerald F., Attorney for Plaintiffs-Appellants, Fisher Potter Hodas, PL;

Scherer, Ken, Attorney for Plaintiffs-Appellants, Fisher Potter Hodas, PL;

Stone, David E., Plaintiff-Appellant;

Weisberg, Andrew Joseph, Attorney for Defendant-Appellee, Civil Trial Section, Tax Division, United States Department of Justice

United States of America, on behalf of Commissioner of Internal Revenue, Defendant-Appellee.

-i-

## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to 11th Cir. R. 28-1(c) and Fed. R. App. P. 34(a), counsel for the United States of America, on behalf of the Commissioner of Internal Revenue, respectfully inform this Court that they believe that oral argument would be helpful to the Court due to the importance of the legal principles involved.

# TABLE OF CONTENTS

**Page**

Certificate of Interested Persons and

     Corporate Disclosure Statement ................................................. C-1

Statement regarding oral argument............................................................ i

Table of contents..................................................................................... ii

Table of citations ................................................................................... vi

Statement of jurisdiction....................................................................... xvii

     1.     Jurisdiction in the District Court............................... xvii

     2.     Jurisdiction in the Court of Appeals ........................ xviii

Statement of the issues ............................................................................ 1

Statement of the case ............................................................................... 2

     (i)     Course of proceedings and disposition in the court

          below .............................................................................. 2

     (ii)     Statement of the facts ...................................................... 3

     1.     Stone and Carroll's first whistleblower claim

          and the first Tax Court case.................................. 3

     a.     The whistleblower claim ............................. 3

     b.     The first Tax Court case.............................. 5

2.    Depadro, Stone, and Carroll's second

whistleblower claim and the second Tax

Court case.................................................. 8

3.    The District Court case ....................................... 10

(iii)    Statement of the standard or scope of review ............ 17

Summary of argument ...................................................... 18

Argument ................................................................... 22

The District Court correctly dismissed the complaint based on

lack of jurisdiction and res judicata ............................... 22

A.    The District Court lacked jurisdiction because

Congress has not waived the United States'

sovereign immunity for the claim set forth in

plaintiffs' complaint ...................................... 22

1.    Plaintiffs must identify an applicable waiver

of sovereign immunity ........................................ 22

2.    I.R.C. § 7623(b)(4) does not waive sovereign

immunity for the claim set forth in plaintiffs'

complaint............................................................ 24

3.    The APA does not waive sovereign immunity

for the claim set forth in plaintiffs' complaint ... 26

a.    The APA's sovereign immunity waiver

and its limitations ...................................... 26

b.    The APA's waiver of sovereign

immunity does not apply because

decisions whether to pursue

whistleblower claims are committed to

the IRS's discretion .................................... 28

c.    The APA's waiver of sovereign

immunity does not apply because I.R.C.

§ 7623(b)(4) provides plaintiffs an

adequate remedy ....................................... 37

d.    The APA's waiver of sovereign

immunity does not apply because I.R.C.

§ 7623(b)(4) "impliedly forbids" the

relief that plaintiffs seek ............................ 43

B.    The District Court correctly determined that res

judicata bars this lawsuit because plaintiffs

already litigated the same cause of action in the

Tax Court ...................................................................... 45

    1.    The parties agree that three elements of res

judicata are satisfied ........................................... 46

    2.    This lawsuit involves the same cause of

action as the Tax Court cases ............................ 47

    3.    Plaintiffs' belated reliance on *Li* constitutes

an impermissible collateral attack on the Tax

Court's jurisdiction ............................................. 50

Conclusion ................................................................... 53

Certificate of compliance ........................................... 54

Certificate of service .................................................. 55

# TABLE OF CITATIONS

**Cases:** **Page(s)**

*Access Now, Inc. v. Southwest Airlines Co.,*

    385 F.3d 1324 (11th Cir. 2004) ...................................................... 36

*Alarm.com Inc. v. Hirshfeld,*

    26 F.4th 1348 (Fed. Cir. 2022) ..................................................... 28

*Amador v. Mnuchin,*

    476 F. Supp. 3d 125 (D. Md. 2020) ............................................... 42

*Banister v. Davis,*

    140 S. Ct. 1698 (2020) .................................................................. 50

*Batchelor-Robjohns v. United States,*

    788 F.3d 1280 (11th Cir. 2015) ..................................................... 15

*Bowen v. Massachusetts,*

    487 U.S. 879 (1988) ...................................................................... 38

*Bryant v. Rich,*

    530 F.3d 1368 (11th Cir. 2008) ..................................................... 47

*Castleberry v. Alcohol, Tobacco & Firearms Div. of Treas.*

    *Dep't of U.S.*, 530 F.2d 672 (5th Cir. 1976).................................xvii

    \* Cases or authorities chiefly relied upon have asterisks.

**Cases (continued):** **Page(s)**

*Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308

U.S. 371 (1940) ................................................................. 51

*Citibank, N.A. v. Data Lease Fin. Corp.*,

904 F.2d 1498 (11th Cir. 1990) .............................. 46, 48

\* *Citizens for Resp. & Ethics in Washington v. FEC*,

892 F.3d 434 (D.C. Cir. 2018)....................... 32, 38, 42-43

*Cohen v. Commissioner*,

139 T.C. 299 (2012).................................................. 7, 10

*Cohen v. Commissioner*,

550 F. App'x 10 (D.C. Cir. 2014) ................................. 32

*Cooper v. Commissioner*,

135 T.C. 70 (2010)........................................................ 52

*Cooper v. Commissioner*,

136 T.C. 597 (2011)........................................................ 7

*Davila v. Delta Air Lines, Inc.*,

326 F.3d 1183 (11th Cir. 2003) ..................................... 48

\* Cases or authorities chiefly relied upon have asterisks.

## Cases (continued):                                          Page(s)

*Federated Dep't Stores, Inc. v. Moitie,*

   452 U.S. 394 (1981) ................................................................ 46, 52

*Garcia v. Vilsack,*

   563 F.3d 519 (D.C. Cir. 2009)......................................................... 37

*Hart v. Yamaha-Parts Distributors, Inc.,*

   787 F.2d 1468 (11th Cir. 1986) ...................................................... 47

* *Heckler v. Chaney,*

   470 U.S. 821 (1985) ...............................................28-34, 36-37, 41

*Heslop v. Att'y Gen. of U.S.,*

   594 F. App'x 580 (11th Cir. 2014)................................................. 27

* *Hinck v. United States,*

   550 U.S. 501 (2007) ....................................................33, 38-40, 45

*Hinojosa v. Horn,*

   896 F.3d 305 (5th Cir. 2018) ........................................................ 38

*Hopper v. Solvay Pharms., Inc.,*

   588 F.3d 1318 (11th Cir. 2009) .................................................... 18

   * Cases or authorities chiefly relied upon have asterisks.

## Cases (continued): Page(s)

*Horton Homes, Inc. v. United States,*

936 F.2d 548 (11th Cir. 1991) ........................................ 33

\* *Ins. Corp. of Ireland v. Compagnie des Bauxites de*

*Ginee,* 456 U.S. 694 (1982) ....................................... 51-52

*Irwin v. Dep't of Veterans Affs.,*

498 U.S. 89 (1990) ........................................................ 23

*Jara v. Nunez,*

878 F.3d 1268 (11th Cir. 2018) ................................. 17-18

*King v. Burwell,*

759 F.3d 358 (4th Cir. 2014) ........................................ 42

*Lane v. Pena,*

518 U.S. 187 (1996) ....................................................... 23

*Li v. Commissioner,*

22 F.4th 1014 (D.C. Cir. 2022) ......................... 16-17, 25-26, 50-52

*Lincoln v. Vigil,*

508 U.S. 182 (1993) ....................................................... 36

\* Cases or authorities chiefly relied upon have asterisks.

## Cases (continued): Page(s)

*Lobo v. Celebrity Cruises, Inc.*,

    704 F.3d 882 (11th Cir. 2013) ........................................................ 47

*Lozman v. City of Riviera Beach, Fla.*,

    713 F.3d 1066 (11th Cir. 2013) ...................................................... 47

*Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp.,*

    *Inc.*, 140 S. Ct. 1589 (2020) ....................................................... 48-49

*Match-E-Be-Nash-She-Wish Band of Pottawatomi*

    *Indians v. Patchak*, 567 U.S. 209 (2012) ..................................... 44

*Meidinger v. Commissioner*,

    559 F. App'x 5 (D.C. Cir. 2014) ..................................................... 41

\* *Meidinger v. Commissioner*,

    662 F. App'x 774 (11th Cir. 2016) ............................... 14, 25-26, 39

*Meidinger v. Commissioner*,

    771 F. App'x 11 (D.C. Cir. 2019) ................................................... 41

*Meidinger v. United States*,

    989 F.3d 1353 (Fed. Cir. 2021) ..................................................... 25

    \* Cases or authorities chiefly relied upon have asterisks.

## Cases (continued):                                    **Page(s)**

\* *Norvell v. Sec'y of the Treasury*,

    821 F. App'x 853 (9th Cir. 2020) ............................................. 14, 39

*Orlando Residence, Ltd. v. GP Credit Co., LLC*,

    F.3d 550 (7th Cir. 2009) (Posner, J.) ........................................... 52

*Papasan v. Allain*,

    478 U.S. 265 (1986) ....................................................................... 18

*Parklane Hosiery Co. v. Shore*,

    439 U.S. 322 (1979) ....................................................................... 46

*Perry Capital LLC v. Mnuchin*,

    864 F.3d 591 (D.C. Cir. 2017) ..................................................... 28

*Ragsdale v. Rubbermaid, Inc.*,

    193 F.3d 1235 (11th Cir. 1999) ............................................. 46, 49

*Reid v. IRS*,

    No. 21-12087, 2021 WL 5985357

    (11th Cir. Dec. 17, 2021) .............................................................. 28

*Reppert v. I.R.S.*,

    418 F. App'x 897 (11th Cir. 2011) ............................................. xvii

    \* Cases or authorities chiefly relied upon have asterisks.

**Cases (continued):**                                          **Page(s)**

*Samara v. Taylor*,

    38 F.4th 141 (11th Cir. 2022)................................................... 18, 50

*Scholl v. Mnuchin*,

    494 F. Supp. 3d 661 (N.D. Cal. 2020) .......................................... 42

*Sierra Club v. Wheeler*,

    956 F.3d 612 (D.C. Cir. 2020).................................................44-45

*Smith v. United States*,

    14 F.4th 1228 (11th Cir. 2021)..................................................... 23

*Southern R. Co. v. Seaboard Allied Milling Corp.*,

    442 U.S. 444 (1979) ..................................................................... 35

*United States v. Bormes*,

    568 U.S. 6 (2012) ......................................................................... 44

*United States v. Cortese*,

    614 F.2d 914 (3d Cir. 1980).......................................................... 33

*United States v. Dalm*,

    494 U.S. 596 (1990) ................................................................23, 27

    * Cases or authorities chiefly relied upon have asterisks.

## Cases (continued): Page(s)

*United States v. Nordic Vill. Inc.*,

503 U.S. 30 (1992) ........................................................... 23

*United States v. Testan*,

424 U.S. 392 (1976) ......................................................... 23

*United States v. Tohono O'odham Nation*,

563 U.S. 307 (2011) ......................................................... 48

*Webster v. Doe*,

486 U.S. 592 (1988) ......................................................... 29

*Whistleblower 22716-13W v. Commissioner*,

146 T.C. 84 (2016) ........................................................... 24

## Statutes:

5 U.S.C.:

§ 701(a)(1) ...................................................................... 28

* § 701(a)(2).................................... 12-13, 19, 27-28, 33, 37, 41, 43

§§ 701 *et seq.* ......................................................... xvii, 10

§ 702 ........................................ 2, 10, 13, 20, 26-28, 37, 43-45

* § 704 ............................................ 2, 12-14, 20, 27-28, 37-38, 42

* Cases or authorities chiefly relied upon have asterisks.

**Statutes (continued):** **Page(s)**

5 U.S.C. (cont'd):

§ 706 ................................................................................... 11

§ 706(2)(A) ................................................................... 2, 11

Internal Revenue Code (26 U.S.C.):

§ 860A................................................................................... 3

§ 860D .................................................................. 31-32, 36

§ 860D(a) ....................................................................... 3

§ 860D(a)(4)................................................................. 4, 11

§ 6404 ................................................................................ 40

§ 6404(e)(1) .................................................................... 33

§ 6404(h) ................................................................ 33, 40, 45

§ 7422(a) ........................................................................... 42

* § 7623 ......................................................................... 12, 24

§ 7623(a) ....................................................................... 6, 24

* § 7623(b) ................................................... 6-8, 10, 24-25, 39, 44

§ 7623(b)(1) .............................................................. 25, 32

§ 7623(b)(2)(A) ............................................................... 25

* Cases or authorities chiefly relied upon have asterisks.

**Statutes (continued):**                                      **Page(s)**

Internal Revenue Code (26 U.S.C.) (cont'd):

    § 7623(b)(3) ................................................................. 25

    * § 7623(b)(4) ................................... 2, 5-6, 8, 12, 14, 16, 20, 24-26,

                                        37-41, 43-45, 50-52

    § 7623(b)(5) ................................................................. 25

28 U.S.C.:

    § 1291 .................................................................... xviii

    § 1331 ................................................................ xvii, 10

    § 1346 ..................................................................... 42

**Rules and Regulations:**

Fed. R. App. P.:

    Rule 4(a)(1)(B)(i) ...................................................... xviii

    Rule 4(a)(4)(A)(iv) ..................................................... xviii

    Rule 32.1.(a) ............................................................. 39

Fed. R. Civ. P.:

    Rule 4(i)(1) .............................................................. 12

    Rule 12(b)(6) ............................................................ 28

    * Cases or authorities chiefly relied upon have asterisks.

**Rules and Regulations (continued):**                    **Page(s)**

Fed. R. Civ. P. (cont'd):

  Rule 58(a) ......................................................................xviii

  Rule 58(c)(2)(A) .............................................................xviii

  Rule 59(e) ...............................................................xviii, 18

**Miscellaneous:**

IRS Whistleblower Office – Annual Report to Congress,

  *available at* https://www.irs.gov/pub/irs-pdf/p5241.pdf

  (last visited Feb. 17, 2023) ............................................ 35

Restatement (Second) of Judgments § 24, Comment ....................... 48

\* Cases or authorities chiefly relied upon have asterisks.

## STATEMENT OF JURISDICTION

### 1.    Jurisdiction in the District Court

On January 31, 2022, David E. Stone, Kari S. Carroll, and David

Depadro (collectively, "plaintiffs") filed a complaint against the

Commissioner of Internal Revenue[1] in the United States District Court

for the Southern District of Florida, asking the court to "review the IRS'

denial of the Plaintiffs' 'Whistleblower Notices.'"  (Doc. 1 at 1.)[2]

Plaintiffs alleged that the District Court had jurisdiction under 28

U.S.C. § 1331 and 5 U.S.C. §§ 701 *et seq.*, the judicial review provisions

of the Administrative Procedure Act ("APA").  (Doc. 1 at 2.)  As

discussed in Argument Section A, *infra*, the District Court correctly

held that it lacked subject matter jurisdiction because plaintiffs' claim

does not fit within any waiver of sovereign immunity.  (Doc. 24 at 6–9.)

---

[1] Although the complaint named the Commissioner as defendant, the United States of America appeared on the Commissioner's behalf as the real party in interest.  *See Reppert v. I.R.S.*, 418 F. App'x 897, 897–98 n.1 (11th Cir. 2011) (relying on *Castleberry v. Alcohol, Tobacco & Firearms Div. of Treas. Dep't of U.S.*, 530 F.2d 672, 673 n.3 (5th Cir. 1976)).

[2] "Doc." refers to the documents contained in the record on appeal, as numbered on the District Court's docket.  "Br." refers to plaintiffs' opening brief on appeal, document 18 on this Court's docket.

## 2.    Jurisdiction in the Court of Appeals

On June 2, 2022, the District Court dismissed the complaint with prejudice and, the same day, entered final judgment in a separate document.  (Doc. 24; Doc. 25.)  *See* Fed. R. Civ. P. 58(a), (c)(2)(A).  The dismissal order and final judgment were final decisions that disposed of all parties' claims.  *See* 28 U.S.C. § 1291.

On July 29, 2022, the District Court denied plaintiffs' timely motion for reconsideration.  (Doc. 26; Doc. 29.)  *See* Fed. R. Civ. P. 59(e).  On September 26, 2022, 59 days after that denial, plaintiffs timely filed a notice of appeal to this Court.  (Doc. 30.)  *See* Fed. R. App. P. 4(a)(1)(B)(i), (4)(A)(iv).  This Court has appellate jurisdiction under 28 U.S.C. § 1291.

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

_____

### No. 22-13217-JJ

## DAVID E. STONE, KARI S. CARROLL, and DAVID DEPADRO,

### Plaintiffs-Appellants

### v.

## COMMISSIONER OF INTERNAL REVENUE,

### Defendant-Appellee

_____

## ON APPEAL FROM THE JUDGMENT OF THE
## UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF FLORIDA

_____

## BRIEF FOR THE APPELLEE

_____

## STATEMENT OF THE ISSUES

1.    Whether the District Court correctly held that it lacked subject matter jurisdiction because the APA's waiver of sovereign immunity does not apply to the claim set forth in plaintiffs' complaint.

2.    Whether the District Court correctly held, in the alternative, that res judicata bars plaintiffs' lawsuit because plaintiffs previously litigated the same cause of action in the Tax Court.

## STATEMENT OF THE CASE

### (i)    Course of proceedings and disposition in the court below

Plaintiffs' lawsuit represents their third attempt to challenge the IRS's denial of their whistleblower claims.  (Doc. 1 at 1–13, 101–31, 134–38, 207–58, 266–68.)  In this most recent lawsuit, plaintiffs alleged that the IRS acted in an arbitrary and capricious manner—in violation of 5 U.S.C. § 706(2)(A)—by denying their whistleblower claims.  (Doc. 1 at 11–13.)  The District Court held that it lacked jurisdiction over the complaint because I.R.C. § 7623(b)(4)[3] provides the exclusive means by which disappointed whistleblowers may challenge the IRS's resolution of their claims, rendering the limited waiver of sovereign immunity in 5 U.S.C. § 702 inapplicable.  (Doc. 24 at 6–9.)  *See* 5 U.S.C. § 704 (first sentence).  The District Court held, in the alternative, that res judicata barred the lawsuit because plaintiffs previously litigated the same cause of action in the Tax Court.  (Doc. 24 at 9–12.)  Accordingly, the District Court dismissed the complaint with prejudice.  (Doc. 24; Doc. 25.)

---

[3] "I.R.C." refers to the Internal Revenue Code of 1986 (codified at 26 U.S.C.).

-3-

**(ii)    Statement of the facts**

**1.    Stone and Carroll's first whistleblower claim and the first Tax Court case**

**a.    The whistleblower claim**

In March 2011, David Stone and Thomas Carroll ("Carroll"), Kari Carroll's late husband, jointly submitted to the IRS a Form 211, Application for Award for Original Information ("whistleblower claim"). (Doc. 1 at 15–70.)  In their whistleblower claim, Stone and Carroll alleged that "over 330 entities . . . have violated various IRS filing requirements, filed false tax returns, and have avoided well in excess of $2,000,000 in Corporate and Personal Federal Income Taxes." (Doc. 1 at 15; *see also* Doc. 1 at 16–43, 46–70.)  Specifically, Stone and Carroll asserted that these entities had claimed Real Estate Mortgage Investment Conduit ("REMIC") status for tax purposes when they did not qualify for that treatment.  (Doc. 1 at 46.)

REMICs are pass-through entities that are not subject to taxation; their income is instead taxable to those who hold interests in them.  *See* I.R.C. § 860A.  An entity is a REMIC if it satisfies the six-element definition set forth in I.R.C. § 860D(a), which requires, among other things, that "substantially all" of the entity's assets "consist of qualified

-4-

mortgages and permitted investments." I.R.C. § 860D(a)(4). In Stone

and Carroll's view, the "over 330 entities" identified in their claim were

not REMICs because alleged defects in how mortgage notes were

transferred prevented them from satisfying § 860D(a)(4). (Doc. 1 at 16,

46.) Stone and Carroll contended that, if the entities were not REMICs,

then they were corporations and would owe corporate income tax, and

their distributions to interest holders might need to be recharacterized

as well (*i.e.*, as taxable dividends). (Doc. 1 at 53–54.)

The IRS's Whistleblower Office processed Stone and Carroll's

whistleblower claim.[4] (Doc. 1 at 72–73, 82–85, 91–92.) The

Whistleblower Office referred the claim to the IRS's Large Business and

International Division ("LB&I"), where LB&I personnel reviewed the

claim for one of the hundreds of entities identified (an entity that was

already under audit). (Doc. 1 at 75–77, 82–85, 134–35.) LB&I

personnel ultimately decided to take no action against the entity based

on the whistleblower claim and recommended to the Whistleblower

Office that the claim be denied. (Doc. 1 at 82–85, 135.) The IRS

---

[4] Although a single Form 211 was submitted, the IRS assigned
Stone and Carroll each a separate claim number relating to the form.
(Doc. 1 at 72–73.)

-5-

memorialized its reasoning for not pursuing the claim in an internal evaluation report, in which an IRS employee explained that investigating the claim against that entity would require the IRS to "expend significant resources" "to examine the transfer of title for all loans in the trust," while technical problems with the transfer of legal title to those loans would not necessarily invalidate the entity's REMIC election or result in any collection.  (Doc. 1 at 85.)

On February 1, 2016, the Whistleblower Office sent Stone and Carroll each a Final Determination letter, informing them that the office had "made a final determination to deny [their] claim for an award" because "the IRS took no action based on the information that [they] provided."  (Doc. 1 at 91–92; *see also* Doc. 1 at 135.)  The letter informed Stone and Carroll that they had 30 days to file a petition challenging the determination with the Tax Court under I.R.C. § 7623(b)(4).  (Doc. 1 at 91–92.)

### b.    The first Tax Court case

On February 24, 2016, Stone and Carroll filed a petition with the Tax Court challenging the IRS's denial of their whistleblower claim. (Doc. 1 at 94, 101–31.)  In the petition, Stone and Carroll "ask[ed] [the

-6-

Tax Court] to compel IRS agency to set aside denial of Petitioners['] claims under IRC 7623b." (Doc. 1 at 106.)  They further requested that the Tax Court determine that the IRS's review of their "claims and enforcement of IRS regulations relating to Sections 7623(a) and 7623(b) were conducted in a manner which were arbitrary, capricious and contrary to the enforcement of law pursuant to the Internal Revenue Code." (Doc. 1 at 106.)  Among other relief, they sought "a Declaratory Judgment that the IRS conduct in the investigation of Petitioners['] whistleblower claims was negligent, arbitrary, capricious and contrary to law to Petitioners[,] and an Injunction . . . requiring the IRS to enforce the Income Tax laws of our country in a fair, equitable and equal manner against all taxpayers, including those deemed 'too big to fail,'" as well as damages of $2,727,000 based on quantum meruit or unjust enrichment. (Doc. 1 at 124, 126–31.)

The Tax Court granted summary judgment in favor of the Commissioner. (Doc. 1 at 134–38.)  In its opinion, the Tax Court explained that it had jurisdiction under I.R.C. § 7623(b)(4) "to review any determination regarding a whistleblower award under subsection (b)," but that "its authority to review a whistleblower award

determination under section 7623(b) does not contemplate that the Court will review the Commissioner's determinations of the alleged tax liability to which the claim pertains" or "direct the Commissioner to commence an administrative or judicial action."  (Doc. 1 at 136 (citing *Cooper v. Commissioner*, 136 T.C. 597, 600 (2011), and *Cohen v. Commissioner*, 139 T.C. 299, 302 (2012), *aff'd*, 550 F. App'x 10 (D.C. Cir. 2014)).)

The Tax Court determined that "the preconditions for a whistleblower award under section 7623(b) have not been met" because, "although [the IRS] reviewed the information that petitioners provided and engaged in an examination of one of the taxpayers that petitioners identified, the IRS did not take action against any taxpayer as a result of petitioners' information, nor were any tax proceeds collected from any taxpayer that would support a whistleblower award."  (Doc. 1 at 137.) The Tax Court found that Stone and Carroll had not disputed "these critical facts" or identified "any specific facts showing that there is a genuine dispute for trial," but rather alleged "that the IRS has mismanaged and misused its resources, failed to enforce Federal income tax laws, and improperly delayed the final disposition of petitioners'

-8-

claims"—claims that "simply are not cognizable under the regime for the judicial review of whistleblower awards prescribed by Congress under section 7623(b)."  (Doc. 1 at 137.)

### 2. Depadro, Stone, and Carroll's second whistleblower claim and the second Tax Court case

In March 2012, Depadro, Stone, Carroll, and others submitted another joint whistleblower claim to the IRS's Whistleblower Office, which alleged that a Deutsche Bank subsidiary had wrongfully claimed to be a REMIC.  (Doc. 1 at 140–95.)  The Whistleblower Office processed this claim.  (Doc. 1 at 197.)

In April 2016, the Whistleblower Office sent Depadro, Stone, and Carroll each a Final Determination letter denying their whistleblower claim "because the IRS took no action based on the information that [they] provided."  (Doc. 1 at 199–202.)  The letter informed them that they had 30 days to file a petition challenging the determination with the Tax Court under I.R.C. § 7623(b)(4).  (Doc. 1 at 199–202.)

On August 25, 2016,[5] Depadro and Stone filed a petition with the Tax Court challenging the Whistleblower Office's denial of their group whistleblower claim.  (Doc. 1 at 204; *see also id*. at 207–58.)  As with the first Tax Court case, Depadro and Stone sought, among other relief, a declaratory judgment that the IRS had acted negligently, in an arbitrary and capricious manner, and contrary to law; an order compelling the IRS to investigate their claims against Deutsche Bank REMICs; and damages of $2,727,000.  (Doc. 1 at 246–58.)  During the proceeding, Depadro and Stone also filed a motion for declaratory relief requesting that the Tax Court "require the IRS to conduct an investigation of the target taxpayers."  (Doc. 1 at 266–67.)

The Tax Court dismissed the petition for failure to state a claim.  (Doc. 1 at 266–67.[6])  Stone and Depadro moved to vacate the dismissal order, arguing that the Tax Court had erred by not "considering whether the Whistleblower Office complied with the Administrative Procedures Act (APA)" because, in their view, "the Whistleblower Office

---

[5] Depadro and Stone sought to excuse their late filing by alleging that the Whistleblower Office did not mail the Final Determination letters to them.  (Doc. 1 at 211.)

[6] The record does not contain the actual dismissal order.

failed to conduct a proper legal review of the information that they provided." (Doc. 1 at 267.)

The Tax Court denied the motion to vacate. (Doc. 1 at 266–68.) In its order denying the motion, the court explained that it "has rejected similar arguments concerning the application of the APA in the context of whistleblower actions in the past" because "the Court may only exercise its jurisdiction to the extent authorized by Congress and [its] jurisdiction under section 7623(b) is limited to the Commissioner's award determination." (Doc. 1 at 267 (citing *Cohen*, 139 T.C. at 302).) The Tax Court explained that it has "concluded that the APA (including APA section 702) does not create a right of action or expand the Court's jurisdiction under section 7623(b)." (Doc. 1 at 267.)

### 3.    The District Court case

In January 2022, Stone, Depadro, and Kari Carroll, as Carroll's surviving spouse, filed a complaint against the Commissioner of Internal Revenue in the United States District Court for the Southern District of Florida. (Doc. 1.) Plaintiffs asserted that the District Court had jurisdiction under 28 U.S.C. § 1331 and 5 U.S.C. §§ 701 *et seq.* (*i.e.*, the Administrative Procedure Act or APA). (Doc. 1 at 2.)

In their complaint, plaintiffs set forth a single claim under 5 U.S.C. § 706.  (Doc. 1 at 11–13.)  They alleged that "[t]he REMICs [identified in their whistleblower claims] failed to meet the qualifying requirement set forth in [I.R.C.] § 860D(a)(4)" and that, accordingly, "they did not obtain tax-exempt status and their income was taxable." (Doc. 1 at 12.)  In plaintiffs' view, "[t]he REMICs are indebted to the government for unpaid taxes, but the IRS never took steps to collect those taxes," which they asserted "deprived the United States Government and its lawful taxpayers of hundreds of millions and possibly a trillion or more of lawful tax revenue dollars."  (Doc. 1 at 12.) Because they believed the entities identified in their whistleblower claims did not qualify as REMICs, plaintiffs asserted that, under 5 U.S.C. § 706(2)(A), the IRS's denials of their whistleblower claims were "arbitrary and capricious, and the denials should be held unlawful and set aside."  (Doc. 1 at 13.)

As relief, plaintiffs requested that the District Court: (1) "[h]old unlawful and set aside" the IRS's denials of Stone and Carroll's 2011 whistleblower claim and Depadro's 2012 whistleblower claim; (2) "[r]emand" those claims "to the IRS for review and appropriate action,

including collection proceedings; (3) award plaintiffs attorney's fees and costs; and (4) "[r]equire the IRS to award Plaintiffs any Whistleblower awards due to them under 26 U.S.C. § 7623." (Doc. 1 at 13.)

The United States moved to dismiss for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted. (Doc. 10.)[7] In its motion, the United States explained that the District Court lacked jurisdiction because Congress had not waived the United States' sovereign immunity for the claim set forth in plaintiffs' complaint. (Doc. 10 at 8–14.) Instead, Congress waived sovereign immunity for limited challenges to whistleblower determinations in the Tax Court under I.R.C. § 7623(b)(4); the APA's waiver of sovereign immunity did not apply due to the limitations in 5 U.S.C. § 701(a)(2) (barring review of actions committed to agency discretion) and § 704 (barring review where another adequate remedy is available). (Doc. 10

---

[7] The United States also sought dismissal for insufficient service of process because plaintiffs initially did not request or serve summonses on the Attorney General and local United States Attorney. (Doc. 10 at 14–15.) *See* Fed. R. Civ. P. 4(i)(1). In response, plaintiffs requested these summonses (Doc. 15; Doc. 18) and received an extension of time to serve the United States (Doc. 23), but never filed proof of service. Counsel for the United States has confirmed that the United States Attorney was served, but the Attorney General does not have a record of being served.

-13-

at 8–14.)  The United States argued, in the alternative, that res

judicata barred the lawsuit because plaintiffs were seeking to relitigate

the same cause of action that they had litigated in the Tax Court cases.

(Doc. 10 at 5–8.)

Although plaintiffs opposed the motion to dismiss, they did not

address the United States' arguments that the APA's waiver of

sovereign immunity did not apply.  (Doc. 19; *see also* Doc. 24 at 9 n.3.)

Without discussing § 701(a)(2) or § 704, plaintiffs simply argued, in less

than one page, that their complaint "clearly falls within the scope of"

the waiver in 5 U.S.C. § 702.  (Doc. 19 at 3; *see also* Doc. 24 at 9 n.3

(noting that plaintiffs did not discuss these arguments or cite any case

law to support their position).)  Plaintiffs further asserted that res

judicata did not bar their complaint because their claims in Tax Court

"were premised on a *different* set of facts" than the current lawsuit and

thus did not involve the same cause of action.  (Doc. 19 at 2–3.)

Plaintiffs did not explain how the facts underlying the lawsuits differed.

(Doc. 19; *see also* Doc. 24 at 11–12.)

The District Court granted the United States' motion to dismiss.

(Doc. 24.)  The court began by recognizing that, absent an applicable

waiver of sovereign immunity, the court would lack jurisdiction over the complaint.  (Doc. 24 at 6–7.)  The court observed that the APA only waives sovereign immunity for "judicial review of a final agency action 'for which there is no other adequate remedy in a court.'"  (Doc. 24 at 7 (quoting 5 U.S.C. § 704).)  The court concluded that the APA's waiver of sovereign immunity did not apply because I.R.C. § 7623(b)(4) provided plaintiffs with an adequate remedy within the meaning of § 704.  (Doc. 24 at 7–9 (relying on *Norvell v. Sec'y of the Treasury*, 821 F. App'x 853 (9th Cir. 2020), and *Meidinger v. Commissioner*, 662 F. App'x 774 (11th Cir. 2016)).)  The court thus held that it lacked jurisdiction over the complaint.  (Doc. 24 at 9.)

The District Court also held, in the alternative, that plaintiffs had failed to state a claim upon which relief could be granted because res judicata barred the lawsuit.  (Doc. 24 at 9–12.)  The court explained that res judicata bars a cause of action when four elements are satisfied: (1) "the prior judgment must have been a final judgment on the merits; (2) the prior judgment must have been rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, must be identical in both suits; and (4) the same cause of action must be

-15-

involved in both cases."  (Doc. 24 at 9 (quoting *Batchelor-Robjohns v. United States*, 788 F.3d 1280, 1285 (11th Cir. 2015)).)  The court noted that plaintiffs only disputed the fourth element, but nonetheless explained why each of the first three elements were satisfied.  (Doc. 24 at 9–11.)

The District Court then determined that the disputed fourth element of res judicata was satisfied because the prior Tax Court cases and the current case involved the same cause of action.  (Doc. 24 at 11–12.)  As the court explained, the cases all arose from the same "factual predicate" because, in each case, plaintiffs challenged "the IRS's decision not to act on the whistleblower tips"; they also sought the same relief in each case.  (Doc. 24 at 11–12.)  The court acknowledged but rejected plaintiffs' argument that the new lawsuit arose from different facts, noting that plaintiffs "[did] not expand on this argument or highlight these different facts" and instead suggested that their legal claim differed.  (Doc. 24 at 11–12.)  Because plaintiffs could not amend the complaint in a way that would cure the jurisdictional defect and the effect of res judicata, the court dismissed the complaint with prejudice.  (Doc. 24 at 12.)

Plaintiffs moved for reconsideration of the dismissal. (Doc. 26.) In their motion for reconsideration, plaintiffs presented a new argument not contained in their opposition to the motion to dismiss: the Tax Court had lacked jurisdiction to review the IRS's denial of their whistleblower claims in the prior cases. (Doc. 26 at 2–5.) In that regard, they cited a D.C. Circuit opinion, *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022), that predated (and indeed was cited in (Doc. 10 at 9)) the United States' motion to dismiss. (Doc. 26 at 2–5.) Plaintiffs argued that the Tax Court's lack of jurisdiction in the prior cases meant that an action under I.R.C. § 7623(b)(4) could not be an adequate alternative remedy to the APA (Doc. 26 at 5–6), and that res judicata could not bar the current lawsuit (Doc. 26 at 8).

The United States opposed the motion, observing that plaintiffs only made arguments that could have been included in their original opposition to the motion to dismiss and that their motion was an improper collateral attack on the Tax Court's jurisdiction in the earlier cases. (Doc. 27 at 1–6.) The United States further explained that the APA's waiver of sovereign immunity did not apply because (1) § 7623(b)(4) provided an adequate alternative remedy (even after giving

effect to *Li*), and (2) the IRS's decision not to pursue whistleblower claims was committed to its discretion.  (Doc. 27 at 6–10.)

The District Court denied plaintiffs' motion for reconsideration. (Doc. 29.)  The court explained that plaintiffs had not shown entitlement to the "extraordinary relief" of reconsideration because "there was no reason that Plaintiffs could not have made these arguments in their response to the motion to dismiss."  (Doc. 29 at 3.) The court observed that *Li* was not new authority, but rather predated the motion to dismiss by months and had been cited in the motion to dismiss.  (Doc. 29 at 3.)  The court also noted that, in any event, plaintiffs' jurisdictional argument failed because they could not collaterally attack the Tax Court's jurisdiction over their earlier cases. (Doc. 29 at 3.)

Plaintiffs filed a notice of appeal to this Court, identifying the dismissal order, final judgment, and reconsideration order as the decisions from which they were appealing.  (Doc. 30.)

**(iii)  Statement of the standard or scope of review**

This Court reviews de novo a district court's grant of a motion to dismiss for lack of jurisdiction or for failure to state a claim.  *See Jara v.*

-18-

*Nunez*, 878 F.3d 1268, 1271 (11th Cir. 2018) (lack of jurisdiction);

*Hopper v. Solvay Pharms., Inc.*, 588 F.3d 1318, 1324 (11th Cir. 2009)

(failure to state a claim).  In conducting this review, the Court "accept[s]

as true the facts as set forth in the complaint and draw[s] all reasonable

inferences in the plaintiff's favor." *Jara*, 878 F.3d at 1271–72 (internal

quotation marks omitted).  The Court need not, however, "accept as true

a legal conclusion couched as a factual allegation." *Papasan v. Allain*,

478 U.S. 265, 286 (1986).

This Court reviews for abuse of discretion the denial of a motion

for reconsideration under Fed. R. Civ. P. 59(e).  *See Samara v. Taylor*,

38 F.4th 141, 149 (11th Cir. 2022).  "A Rule 59(e) motion cannot be used

to relitigate old matters, raise argument[s] or present evidence that

could have been raised prior to the entry of judgment." *Id.*

## SUMMARY OF ARGUMENT

Plaintiffs submitted whistleblower claims to the IRS, which the

IRS decided not to pursue and denied.  The IRS chose not to pursue

plaintiffs' claims based on its view that doing so would force the agency

to expend enormous resources for little (if any) reward.  The IRS has

limited resources and cannot investigate every alleged violation of the

-19-

Internal Revenue Code; by necessity, the IRS must decide which taxpayers to investigate. Plaintiffs want to strip the IRS of its discretion to decide which taxpayers to examine and give dissatisfied whistleblowers the right to challenge such decisions in federal district court. The District Court correctly recognized that it lacks jurisdiction to grant such extraordinary relief and that, in any event, res judicata bars plaintiffs' claim. This Court should affirm.

1.    The District Court correctly held that it lacks jurisdiction because sovereign immunity bars the claim set forth in plaintiffs' complaint. Although the APA waives sovereign immunity for judicial review of final agency action in many circumstances, the waiver does not reach actions that are committed to an agency's discretion. *See* 5 U.S.C. § 701(a)(2). Agency decisions not to take enforcement action are committed to agency discretion. The IRS's decision not to pursue plaintiffs' whistleblower claims—and thereby not to take enforcement action against the entities identified in their claims—thus was committed to its discretion and not subject to review under the APA.

Unable to seriously dispute the discretionary nature of the IRS's denial of their whistleblower claims, plaintiffs attempt to recharacterize

-20-

the action that they challenge as a general policy not to investigate

REMICs. (Br. 30–32.) But plaintiffs attached an internal IRS report to

their complaint that proves that the IRS did not deny their claims

based on a general non-enforcement policy. Instead, that report

establishes that the IRS denied their claims only after weighing the

costs of investigation (high) against the likelihood of success (low) and

deciding that the claims were not worth pursuing—precisely the type of

balancing that the Supreme Court recognizes as a hallmark of

discretionary decision-making. Plaintiffs may believe that the IRS got

the balance wrong, but the courts do not police that type of agency

agenda-setting.

Beyond the bar against review of discretionary decisions, the

APA's waiver of sovereign immunity does not apply for two additional

independent reasons: (1) plaintiffs had another adequate remedy in

I.R.C. § 7623(b)(4), *see* 5 U.S.C. § 704; and (2) that same I.R.C. provision

"impliedly forbids" the relief that plaintiffs seek through the APA, *see* 5

U.S.C. § 702 (final clause). Each of these three limitations in the APA

rendered the APA's waiver of sovereign immunity inapplicable.

Consequently, the District Court correctly held that it lacked

jurisdiction over the claim set forth in plaintiffs' complaint, and this Court should affirm its dismissal on that ground.

2.      Alternatively, the District Court correctly held that res judicata bars the claim set forth in plaintiffs' complaint.  Plaintiffs only challenge one element of res judicata: whether their prior Tax Court cases and the current case involve the same cause of action.  The District Court correctly determined that they do.  In all three cases, plaintiffs challenged the IRS's denial of their whistleblower claims, raised the same arguments that the denials were arbitrary and capricious, and sought the same relief.  Accordingly, plaintiffs should not be heard now to argue that the cases involved different causes of action.

Plaintiffs contend that this case cannot involve the same cause of action as the prior Tax Court cases because the Tax Court lacked jurisdiction over those cases.  When plaintiffs belatedly sought to make this argument in their motion for reconsideration, the District Court did not abuse its discretion by denying that motion based in part on plaintiffs' failure to raise the argument earlier.  Alternatively, even if plaintiffs had not waived the argument, the District Court did not err

by rejecting the argument on the merits as an impermissible collateral attack on the Tax Court's jurisdiction.

The judgment of the District Court is correct and should be affirmed.

## ARGUMENT

### The District Court correctly dismissed the complaint based on lack of jurisdiction and res judicata

### A.    The District Court lacked jurisdiction because Congress has not waived the United States' sovereign immunity for the claim set forth in plaintiffs' complaint

In an attempt to establish subject matter jurisdiction, plaintiffs argue that the APA provides the requisite waiver of sovereign immunity. (Br. 20–21.) The District Court correctly rejected this argument. (Doc. 24 at 7–9.) Because three independent limitations in the APA precluded judicial review of plaintiffs' claim, this Court should affirm.

### 1.    Plaintiffs must identify an applicable waiver of sovereign immunity

Under settled sovereign immunity principles, "the United States, as sovereign, is immune from suit, save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's

-23-

jurisdiction to entertain the suit." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (quoting *United States v. Testan*, 424 U.S. 392, 399 (1976) alteration in original)).  Waivers of the United States' sovereign immunity are never implied; to be effective, such waivers "must be 'unequivocally expressed.'" *United States v. Nordic Vill. Inc.*, 503 U.S. 30, 33–34 (1992) (quoting *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 95 (1990)); *see also Lane v. Pena*, 518 U.S. 187, 192 (1996).  When Congress provides a specific statutory waiver of sovereign immunity, the waiver "must be construed strictly in favor of the sovereign, and not enlarge[d] . . . beyond what the language requires." *Nordic Vill.*, 503 U.S. at 34 (internal quotation marks and citation omitted, alterations in original).

As an aspect of subject matter jurisdiction, a party seeking to sue the United States must establish that sovereign immunity has been waived for the action.  *See Smith v. United States*, 14 F.4th 1228, 1230–31 (11th Cir. 2021).  Plaintiffs cannot meet this burden.

-24-

### 2. I.R.C. § 7623(b)(4) does not waive sovereign immunity for the claim set forth in plaintiffs' complaint

In I.R.C. § 7623, Congress gave the Secretary of the Treasury the discretion to pay whistleblower awards and provided for limited judicial review of determinations regarding such awards. Under § 7623(a), the Secretary of the Treasury is authorized "to pay such sums as he deems necessary for--(1) detecting underpayments of tax, or (2) detecting and bringing to trial and punishment persons guilty of violating the internal revenue laws[.]" I.R.C. § 7623(a). Payments are made "from the proceeds of amounts collected by reason of the information provided." *Id.* (flush text). Except as provided in § 7623(b), such awards are discretionary and therefore not subject to judicial review. *See, e.g., Whistleblower 22716-13W v. Commissioner*, 146 T.C. 84, 88 (2016). "If," however, "the Secretary proceeds with any administrative or judicial action . . . based on information brought to the Secretary's attention by an individual," and certain dollar thresholds are satisfied, then the individual generally is entitled to a whistleblower award of 15 to 30 percent "of the proceeds collected as a result of the action (including any

-25-

related actions) or from any settlement in response to such action."

I.R.C. § 7623(b)(1); *see id.* § 7623(b)(5).[8]

In § 7623(b)(4), Congress provided a limited waiver of sovereign

immunity for review of determinations regarding the amounts of non-

discretionary whistleblower awards under § 7623(b). *See Li*, 22 F.4th at

1017–18. Specifically, "[a]ny determination regarding an award under

paragraph (1), (2), or (3) may, within 30 days of such determination, be

appealed to the Tax Court (and the Tax Court shall have jurisdiction

with respect to such matter)." I.R.C. § 7623(b)(4). Such jurisdiction is

exclusive to the Tax Court. *Meidinger v. United States*, 989 F.3d 1353,

1358 (Fed. Cir. 2021); *see Meidinger v. Commissioner*, 662 F. App'x 774,

776 (11th Cir. 2016) ("Nothing in [§ 7623(b)(4)] confers jurisdiction on

the district court to review determinations made by the Whistleblower's

Office[ ] or the Tax Court.").

Because § 7623(b)(4) only waives sovereign immunity for appeals

of whistleblower claim determinations under § 7623(b) (*i.e.*, in

situations where "there is both an IRS action based on whistleblower

---

[8] Awards may be further limited, reduced, or denied in certain

circumstances. *See* I.R.C. § 7623(b)(2)(A), (3).

-26-

information *and* proceeds collected from that action," *Li*, 22 F.4th at 1018), and because that waiver is limited to appeals to the Tax Court, *see Meidinger*, 662 F. App'x at 776, the statute does not waive sovereign immunity for plaintiffs' request for district court review of the Whistleblower Office's denial of their whistleblower claims.

### 3.    The APA does not waive sovereign immunity for the claim set forth in plaintiffs' complaint

Because the waiver of sovereign immunity relating to whistleblower claim determinations (I.R.C. § 7623(b)(4)) does not apply, plaintiffs instead argue that the APA (5 U.S.C. § 702) provides such a waiver.  (Br. 20–21.)  The District Court correctly rejected this argument.  (Doc. 24 at 7–9.)

### a.    The APA's sovereign immunity waiver and its limitations

Under § 702 of the APA, "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."  5 U.S.C. § 702.  Section 702 waives the United States' sovereign immunity for "[a]n action in a court of the United States seeking relief other than money damages and stating a claim that an

agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority[.]" *Id.*

The right to judicial review created by § 702 is subject to several important limitations that define the federal district courts' jurisdiction to entertain suits under the APA. *Cf.e Dalm*, 494 U.S. at 608. Three of these limitations are relevant here. First, judicial review under the APA is not available "to the extent that . . . agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). Second, judicial review is available only of "final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. Where another adequate remedy is available, a claimant cannot obtain relief under the APA. *See Heslop v. Att'y Gen. of U.S.*, 594 F. App'x 580, 584 (11th Cir. 2014). And third, the APA does not "confer[ ] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought." 5 U.S.C. § 702. Each of these three limitations independently barred judicial review of plaintiffs' claim under the APA.[9]

---

[9] Whether APA limitations outside of § 702 are conditions to § 702's waiver of sovereign immunity or are simply requirements for a

(continued…)

### b.    The APA's waiver of sovereign immunity does not apply because decisions whether to pursue whistleblower claims are committed to the IRS's discretion

The APA's waiver of sovereign immunity does not apply to plaintiffs' claim because that claim challenges the IRS's decision not to take enforcement action against the entities identified in plaintiffs' whistleblower claims, a decision committed to the IRS's discretion.

The APA's waiver of sovereign immunity does not extend to review of "agency action [that] is committed to agency discretion by law."  5 U.S.C. § 701(a)(2); *Heckler v. Chaney*, 470 U.S. 821, 828 (1985) ("[B]efore any review at all may be had, a party must first clear the

---

claim under the APA is the subject of some debate.  *Compare, e.g.*, *Perry Capital LLC v. Mnuchin*, 864 F.3d 591, 621 (D.C. Cir. 2017) (holding that "§ 702 waives [sovereign] immunity regardless whether there is another adequate remedy under § 704 because the absence of such a remedy is instead an element of the cause of action created by the APA"), *with Alarm.com Inc. v. Hirshfeld*, 26 F.4th 1348, 1353 n.3 (Fed. Cir. 2022) (opining that APA § 701(a)(1) is jurisdictional "because, if APA review is unavailable due to statutes precluding review, the APA's waiver of sovereign immunity does not apply"); *see also Reid v. IRS*, No. 21-12087, 2021 WL 5985357, at *3 (11th Cir. Dec. 17, 2021) (stating that the limitations in APA § 701(a)(2) and § 704 rendered the APA's waiver of sovereign immunity inapplicable).  To the extent § 701(a) and § 704 are deemed non-jurisdictional, the limitations in those provisions would nonetheless support dismissal for failure to state a claim under Rule 12(b)(6).

-29-

hurdle of § 701(a)."). Agency action "is committed to agency discretion by law" "if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion," or, in other words, "if no judicially manageable standards are available for judging how and when an agency should exercise its discretion." *Heckler*, 470 U.S. at 830; *see also Webster v. Doe*, 486 U.S. 592, 599–600 (1988).

Agency decisions not to take enforcement action are committed to agency discretion by law. The Supreme Court "has recognized on several occasions over many years that an agency's decision not to prosecute or enforce, whether through civil or criminal process, is a decision generally committed to an agency's absolute discretion." *Heckler*, 470 U.S. at 831 (collecting cases). "[A]gency refusals to institute investigative or enforcement proceedings" thus are not subject to judicial review "unless Congress has indicated otherwise." *Id.* at 838 (holding that the APA cannot be used to compel the FDA to take enforcement action). For this reason, with respect to agency decisions not to enforce, courts apply a "presumption . . . that judicial review is not available." *Id.* at 831. A plaintiff can rebut this presumption only

-30-

when "the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers." *Id*. at 832–33.

The presumption against review of agency decisions not to take enforcement actions arises from "the general unsuitability for judicial review" of such decisions. *Heckler*, 470 U.S. at 831. "[M]any reasons" underlie this unsuitability, including that a decision not to engage in enforcement action "often involves a complicated balancing of a number of factors which are peculiarly within [the agency's] expertise." *Id*. Agencies weighing whether to bring enforcement action must "not only assess whether a violation has occurred, but whether agency resources are best spent on this violation or another, whether the agency is likely to succeed if it acts, whether the particular enforcement action requested best fits the agency's overall policies, and, indeed, whether the agency has enough resources to undertake the action at all." *Id*. The presumption against review reflects the practical reality that an "agency is far better equipped than the courts to deal with the many variables involved in the proper ordering of its priorities." *Id*. at 831–82. And the presumption recognizes that Congress, not the courts, should police "[t]he danger that agencies may not carry out their

-31-

delegated powers with sufficient vigor" by setting agency priorities.  *Id.*

at 834.

Here, plaintiffs challenge the IRS's decision not to pursue their

whistleblower claims.  (Doc. 1 at 10–13.)  That is, they challenge the

IRS's decision not to take enforcement action (*e.g.*, examination,

assessment, collection) against the entities identified in their claims.

Contrary to plaintiffs' contention (Br. 22), that decision is

presumptively unreviewable.  *See Heckler*, 470 U.S. at 831–32.

Plaintiffs have not rebutted this presumption against judicial

review.  Plaintiffs do not identify a statute that provides guidelines for

the IRS to follow in exercising its power to determine whether to pursue

particular whistleblower claims.  *See Heckler*, 470 U.S. at 832–33.

Instead, they suggest that, because (in their view) the entities identified

in their whistleblower claims did not satisfy I.R.C. § 860D's definition of

a REMIC, the IRS had an obligation to investigate and take

enforcement action against those entities.  (Br. 5, 8, 10 ("because

REMICs owe tax, the IRS has a statutory duty to investigate and collect

the tax").)  But they cite no statute imposing an obligation on the IRS to

pursue every alleged violation of the Internal Revenue Code or of

§ 860D. Rather, the IRS has discretion to choose which whistleblower claims to pursue. *See Heckler*, 470 U.S. at 831.

Congress gave the IRS discretion to determine whether to take enforcement action based on particular whistleblower claims. The statute that authorizes the Secretary of the Treasury to pay whistleblower awards (and mandates such payments in certain circumstances) does not obligate the IRS to investigate particular claims, nor does it provide guidelines for the IRS to follow in exercising its discretionary power to address whistleblower claims. *See Heckler*, 470 U.S. at 832–33. Even mandatory awards are payable only "*[i]f the Secretary proceeds with any administrative or judicial action* . . . based on information brought to the Secretary's attention by such individual," I.R.C. § 7623(b)(1) (emphasis added), language that leaves to the IRS's discretion the decision whether to act based on such information. *See Cohen v. Commissioner*, 550 F. App'x 10, 11 (D.C. Cir. 2014) (noting that "both this court and the Tax Court have held that 'Congress did not authorize the [Tax] Court to direct the Secretary to proceed with [the] administrative or judicial action'" referenced in § 7623(b)(1)) (second alteration added); *cf. Citizens for Resp. & Ethics in Washington v. FEC*,

-33-

892 F.3d 434, 439 (D.C. Cir. 2018) (statute providing that the FEC "may
. . . institute a civil action" in certain circumstances "imposes no
constraints on the [FEC's] judgment about whether, in a particular
matter, it should bring an enforcement action"); *United States v.
Cortese*, 614 F.2d 914, 921 (3d Cir. 1980) (recognizing that the IRS has
broad discretion in selecting its investigative targets).

Because the IRS's decision not to pursue a whistleblower claim is
"committed to agency discretion by law," the decision is insulated from
judicial review under the APA.  5 U.S.C. § 701(a)(2); *see Heckler*, 470
U.S. at 831; *cf. Hinck v. United States*, 550 U.S. 501, 504 (2007)
(acknowledging that, prior to the enactment of what is now I.R.C.
§ 6404(h), four courts of appeals, including this Court in *Horton Homes,
Inc. v. United States*, 936 F.2d 548 (11th Cir. 1991), had held that I.R.C.
§ 6404(e)(1) gave the IRS "complete discretion to determine whether to
abate interest," and that "[a]ny decision by the [IRS] was accordingly
'committed to agency discretion by law' under the [APA], 5 U.S.C.
§ 701(a)(2), and thereby insulated from judicial review").

An internal IRS report evaluating Stone and Carroll's first
whistleblower claim (Doc. 1 at 82–85) shows that the IRS engaged in

-34-

the balancing of interests that the Supreme Court recognizes as part of

discretionary agency decision-making.  In the report, the IRS assessed

"whether agency resources are best spent on this violation," *Heckler*,

470 U.S. at 831, by explaining that investigating one of the hundreds of

entities that plaintiffs identified would require the IRS to "expend

significant resources" because an examiner would need "to examine the

transfer of title for all loans in the trust [(*i.e.*, the alleged REMIC)]."

(Doc. 1 at 85.)  The IRS likewise assessed "whether the agency is likely

to succeed if it acts" and "whether a violation has occurred," *Heckler*,

470 U.S. at 831, by explaining its view that, even assuming that

plaintiffs' allegations were correct, technical issues with the transfer of

title to mortgage loans would not necessarily "require a determination

that [the] trust's REMIC election was invalidated by the facts and

circumstances surrounding the legal transfer of title," especially

because the trust operated consistently with its REMIC election.  (Doc.

1 at 85.)  Although plaintiffs disagree with the IRS's conclusion (*see* Br.

7, 29–30), the IRS was "far better equipped" to perform this

"complicated balancing" than the courts.  *Heckler*, 470 U.S. at 831–32.

This Court should decline plaintiffs' invitation to reanalyze that

-35-

balancing and second guess the IRS's decision not to expend its resources investigating their whistleblower claims.

Accepting plaintiffs' invitation to second guess the IRS's enforcement priorities by compelling the IRS to investigate their claims would produce "disruptive practical consequences." *Southern R. Co. v. Seaboard Allied Milling Corp.*, 442 U.S. 444, 479 (1979). In fiscal year 2021 alone, the IRS's Whistleblower Office received 14,045 whistleblower claims. *See* IRS Whistleblower Office – Annual Report to Congress at 24, *available at* https://www.irs.gov/pub/irs-pdf/p5241.pdf (last visited Feb. 17, 2023). By the end of fiscal year 2021, however, the Whistleblower Office had only made awards to "more than 2,500" whistleblowers total since 2007. *Id.* at 4. That is to say, the vast majority of whistleblower claims do not lead to collection or awards. Plaintiffs seek to give every unhappy whistleblower—thousands each year—the right (1) to ask a federal court to review under the APA the IRS's decision not to pursue their claim and (2) to compel the IRS to spend its time and resources investigating claims that it determined were not priorities, at the expense of more pressing agency interests. Congress can direct the IRS how to set its investigative priorities; the

-36-

courts cannot.  *See Heckler*, 470 U.S. at 834; *cf. Lincoln v. Vigil*, 508 U.S. 182, 192–93 (1993) (holding that agency's decision how to allocate lump-sum appropriation was committed to agency discretion).

For the first time on appeal, plaintiffs claim that they challenge a "blanket policy" of the IRS not to enforce I.R.C. § 860D, rather than the IRS's decision not to pursue their whistleblower claims.  (Br. 30–31.) This Court should decline to entertain plaintiffs' new argument.  *See Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004) (referring to circumstances in which appellate court may consider new argument as "exceptional conditions").  In any event, the argument is meritless and inconsistent with plaintiffs' complaint. In their complaint, plaintiffs alleged that the IRS had violated the APA by denying their whistleblower claims based on what they believe was inadequate reasoning.  (Doc. 1 at 10–13; *see also* Br. 4.)  They did not allege that the IRS had violated the APA by adopting or applying a policy not to enforce I.R.C. § 860D or not to investigate REMICs; indeed, they did not even allege the existence of such a policy.  Plaintiffs could not plausibly have made such allegations considering the internal IRS evaluation report that they attached to their complaint (Doc. 1 at 82–

85), which showed that the IRS decided not to pursue their claims after weighing the costs against the likely outcome, rather than due to some non-enforcement policy.  *See Heckler*, 470 U.S. at 831.

Because the IRS's decision not to pursue plaintiffs' whistleblower claims was committed to its discretion by law, *see* 5 U.S.C. § 701(a)(2), the limited waiver of sovereign immunity in § 702 does not apply to the claim set forth in plaintiffs' complaint.

> **c.    The APA's waiver of sovereign immunity does not apply because I.R.C. § 7623(b)(4) provides plaintiffs an adequate remedy**

Even if § 701(a)(2) did not render the waiver of sovereign immunity in § 702 inapplicable, that waiver still would not have applied because, as the District Court correctly held (Doc. 24 at 8–9), plaintiffs had an adequate remedy under I.R.C. § 7623(b)(4).

The APA only provides judicial review of final agency actions for which "there is no other adequate remedy in a court."  5 U.S.C. § 704. With respect to § 704, "[t]he relevant question . . . is not whether [the alternatives to APA relief] are as effective as an APA lawsuit against the regulating agency, but whether the [alternative] remedy provided by Congress is adequate."  *Garcia v. Vilsack*, 563 F.3d 519, 525 (D.C.

Cir. 2009).  Consequently, a remedy may be adequate for these purposes despite not providing identical relief to the APA.  *See, e.g.*, *Hinojosa v. Horn*, 896 F.3d 305, 310 (5th Cir. 2018); *Citizens for Resp. & Ethics in Washington*, 846 F.3d at 1244.

Under § 704, a remedy is "adequate" where Congress intended to "create a special, alternative remedy and thereby bar APA review." *Citizens for Resp. & Ethics in Washington*, 846 F.3d at 1244; *cf. Hinck*, 550 U.S. at 506–10 (holding that I.R.C. provision creating limited judicial review of interest abatement claims in Tax Court precluded review of such claims in refund action in district court or Court of Federal Claims).  In this way, § 704 ensures that "the general grant of review in the APA [does not] duplicate existing procedures for review of agency action." *Bowen v. Massachusetts*, 487 U.S. 879, 903 (1988).  When "an independent cause of action or an alternative review process" is available, courts generally have found an alternate remedy adequate for purposes of § 704.  *Citizens for Resp. & Ethics in Washington*, 846 F.3d at 1245 (internal quotation marks omitted).

The District Court correctly determined that I.R.C. § 7623(b)(4) provides an adequate remedy within the meaning of 5 U.S.C. § 704.

(Doc. 24 at 8–9.)  Notably, the only federal court of appeals that has directly addressed this question came to the same conclusion.  *See Norvell v. Sec'y of the Treas.*, 821 F. App'x 853, 854 (9th Cir. 2020) (holding that district court properly dismissed action seeking APA review of IRS rejection of whistleblower claim, since adequate remedy under I.R.C. § 7623(b) rendered APA's waiver of sovereign immunity inapplicable).[10]  Consistent with *Norvell*'s treatment of § 7623(b) as an adequate alternative remedy to the APA, this Court has held that § 7623(b)(4) provides the exclusive means by which a disappointed whistleblower may challenge a claim denial.  *See Meidinger*, 662 F. App'x at 775–76.

The District Court's view of § 7623(b)(4) as an adequate alternative remedy to the APA further reflects "the well-established principle that, in most contexts, 'a precisely drawn, detailed statute pre-empts more general remedies.'"  *Hinck*, 550 U.S. at 506.  In *Hinck*, the Supreme Court applied this principle to hold that judicial review of the

_____

[10] Contrary to plaintiffs' suggestion (Br. 19), to the extent the District Court "relied upon" *Norvell* (*i.e.*, as non-binding authority), the unpublished status of that opinion does not make such reliance improper.  *Cf.* Fed. R. App. P. 32.1.(a).

-40-

IRS's decision not to abate interest under I.R.C. § 6404 was unavailable in tax refund actions filed in district court or the Court of Federal Claims, because I.R.C. § 6404(h) provided a limited remedy in the Tax Court for certain taxpayers to challenge such denials. *See id.* at 506–510. Although Congress did not explicitly "define the Tax Court's jurisdiction as exclusive," the Court viewed the limited remedy as preemptive because the statute "provides a forum for adjudication, a limited class of potential plaintiffs, a statute of limitations, a standard of review, and authorization for judicial relief." *Id.* at 506. Like the statute at issue in *Hinck*, § 7623(b)(4) provides a forum for adjudication (the Tax Court), a limited class of potential plaintiffs (individuals who provided information to the IRS in cases meeting certain dollar thresholds), a statute of limitations (30 days from a whistleblower determination), and authorization for judicial relief. Section 7623(b)(4) is therefore the type of precisely drawn statute that provides an exclusive remedy for its class of potential plaintiffs.

Plaintiffs argue that § 7623(b)(4) is not an adequate remedy because "the Tax Court does not and cannot review underlying substantive tax decisions of the IRS" (Br. 22)—in other words, because

the Tax Court cannot evaluate the IRS's reasons for not pursuing their whistleblower claims. But no court has the authority to review the IRS's reasons for not pursuing a whistleblower claim or to order the IRS to pursue such a claim. *See Heckler*, 470 U.S. at 831–32 (holding that agency decision not to take enforcement action is unreviewable); 5 U.S.C. § 701(a)(2); *cf. Meidinger v. Commissioner*, 771 F. App'x 11, 12 (D.C. Cir. 2019) (holding that the Tax Court lacked authority to order the IRS to initiate administrative or judicial action based on whistleblower claim); *Meidinger v. Commissioner*, 559 F. App'x 5, 6 (D.C. Cir. 2014) (holding that the Tax Court lacked the authority to order the IRS to provide an explanation for its whistleblower claim determination). Congress could make such decisions reviewable by enacting legislation that requires the IRS to investigate particular claims or that establishes guidelines for the IRS to follow in deciding whether to pursue particular claims. *See Heckler*, 470 U.S. at 832–33. But unless Congress enacts such legislation, IRS decisions not to pursue particular whistleblower claims will remain unreviewable. In the meantime, Congress provided a limited remedy in § 7623(b)(4). The more limited nature of the relief available via that statute does not

render it inadequate for APA § 704 purposes.  *See Citizens for Resp. & Ethics in Washington*, 846 F.3d at 1244.

Plaintiffs' situation is wholly unlike that of the plaintiffs in the Affordable Care Act case that they cite.  (Br. 23–28.)  In that case, the plaintiffs challenged a final IRS rule interpreting a provision of the Affordable Care Act; the rule that they challenged would have required them to either purchase health insurance or pay a penalty.  *See King v. Burwell*, 759 F.3d 358, 365 (4th Cir. 2014).  The Fourth Circuit held that a tax refund suit under I.R.C. § 7422(a) or 28 U.S.C. § 1346—which require a taxpayer to pay a disputed tax and then sue for a refund—was not an adequate alternative to an action under the APA because plaintiffs sought prospective relief declaring the rule invalid in order to avoid the burden that the rule would impose on them (having to buy health insurance or pay the penalty).  *See id.* at 366–67; *cf. Scholl v. Mnuchin*, 494 F. Supp. 3d 661, 681 (N.D. Cal. 2020) (holding that refund action would be inadequate substitute for prospective relief declaring incarcerated persons eligible for tax credit); *Amador v. Mnuchin*, 476 F. Supp. 3d 125, 144 (D. Md. 2020) (same).

By contrast, we do not argue here that an existing, broadly applicable waiver of sovereign immunity (such as the waiver for refund suits) provides an adequate remedy for persons seeking judicial review of IRS whistleblower decisions.  Instead, we contend that, by providing a narrowly tailored waiver of sovereign immunity that is specifically applicable to IRS whistleblower decisions (I.R.C. § 7623(b)(4)), Congress provided what it deemed to be an adequate remedy for persons seeking judicial review of such decisions.  *See Citizens for Resp. & Ethics in Washington*, 846 F.3d at 1244–45.  Plaintiffs may be disappointed that Congress deemed the limited review available under § 7623(b)(4) to be "adequate," but that does not entitle them to seek expanded review under the APA.

> **d.    The APA's waiver of sovereign immunity does not apply because I.R.C. § 7623(b)(4) "impliedly forbids" the relief that plaintiffs seek**

In addition to § 701(a)(2) and § 704, § 702 of the APA independently barred judicial review of plaintiffs' claim.

The APA's waiver of sovereign immunity does not "confer[ ] authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought."  5 U.S.C.

-44-

§ 702.  By precluding review where another statute impliedly forbids

the relief sought, this carve-out "prevents a plaintiff from using [the

APA's] general sovereign immunity waiver to evade limitations

contained in other statutes."  *Sierra Club v. Wheeler*, 956 F.3d 612, 619

(D.C. Cir. 2020) (holding that APA's waiver of sovereign immunity

cannot be used to evade limitations in Clean Air Act).  Such an intent

may be found when the other statute is "addressed to the type of

grievance which the plaintiff [sought] to assert" and "[w]hen Congress

has dealt in particularity with a claim and [has] intended a specific

remedy—including its exceptions—to be exclusive."  *Id*. at 619 (quoting

*Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*,

567 U.S. 209, 216 (2012)).

Section 7623(b)(4) impliedly forbids the relief that plaintiffs

sought in their complaint.  *Cf. United States v. Bormes*, 568 U.S. 6, 11

(2012) (holding that, where "a statute contains its own self-executing

remedial scheme, we look only to that statute"—not to a broader

remedial statute (there, the Little Tucker Act)—"to determine whether

Congress intended to subject the United States to damages liability").

Section 7623(b) addresses both the conditions under which the IRS

-45-

must grant whistleblower awards (including guidance on amounts) and a whistleblower's remedy to challenge the IRS's determination of their award. *Cf. Hinck*, 550 U.S. at 507 (holding that a petition in Tax Court under I.R.C. § 6404(h) is the exclusive means by which a taxpayer may contest a discretionary refusal by the IRS to abate interest). The statute thus addresses disappointed whistleblowers' grievances and evinces an intent to provide a specific remedy for such claimants. *See Sierra Club*, 956 F.3d at 619. Consequently, § 7623(b)(4) "impliedly forbids" the expanded relief that plaintiffs want to obtain through the APA, and the APA does not apply. 5 U.S.C. § 702 (final clause).

## B. The District Court correctly determined that res judicata bars this lawsuit because plaintiffs already litigated the same cause of action in the Tax Court

Even if the District Court had jurisdiction over the claim set forth in plaintiffs' complaint (which it did not), the District Court nonetheless correctly dismissed the complaint with prejudice based on res judicata. (Doc. 24 at 9–12.) This lawsuit represents plaintiffs' third attempt to challenge the denial of their whistleblower claims. Because they cannot relitigate this claim, the District Court correctly dismissed their complaint, and this Court should affirm.

-46-

### 1.  The parties agree that three elements of res judicata are satisfied

Under the doctrine of res judicata, "[a] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981).  The doctrine conserves judicial resources and promotes the finality of judgments.  *See Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326 (1979); *Griffin v. Focus Brands*, Inc., 685 F. App'x 758, 760 (11th Cir. 2017).  Res judicata bars a subsequent action if: "(1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999) (citing *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir. 1990)).  The parties agree that the first three elements are satisfied.

Specifically, the Tax Court—a court of competent jurisdiction, *see infra* note 11—issued final judgments on the merits when it granted summary judgment in favor of the Commissioner in the first case (Doc.

1 at 134–38) and dismissed the second case for failure to state a claim (Doc. 1 at 266–67). *See Lobo v. Celebrity Cruises, Inc.*, 704 F.3d 882, 893 (11th Cir. 2013) (dismissal for failure to state a claim); *Bryant v. Rich*, 530 F.3d 1368, 1374 (11th Cir. 2008) (summary judgment). And those cases involved the same parties or their privies as the current lawsuit. Stone was a party to both Tax Court cases (Doc. 1 at 101–02, 134, 207–08, 266), and Depadro was a party to the second case (Doc. 1 at 207–08, 266). Kari Carroll is in privity with her late husband Thomas Carroll, who was a party to the first case (Doc. 1 at 101–02, 134), because she is suing based on his denied whistleblower claim (Doc. 1 at 1). *See Hart v. Yamaha-Parts Distributors, Inc.*, 787 F.2d 1468, 1472 (11th Cir. 1986). And the United States is in privity with the Commissioner, the respondent in the Tax Court cases. *See Lozman v. City of Riviera Beach, Fla.*, 713 F.3d 1066, 1075 n.7 (11th Cir. 2013).

## 2.    This lawsuit involves the same cause of action as the Tax Court cases

Plaintiffs only challenge the fourth element of res judicata: whether the Tax Court cases and the instant lawsuit involve the same cause of action. (Br. 12, 15–20.) The District Court correctly held that they do. (Doc. 24 at 11–12.)

Causes of action are the same when they "arise from the same transaction" or contain a "common nucleus of operative facts." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc.*, 140 S. Ct. 1589, 1595 (2020) (quoting *United States v. Tohono O'odham Nation*, 563 U.S. 307, 316 (2011)); *see also Davila v. Delta Air Lines, Inc.,* 326 F.3d 1183, 1187 (11th Cir. 2003).  Res judicata does not bar a subsequent lawsuit between the same parties where the later lawsuit arises from "new '[m]aterial operative facts' that 'in themselves, or taken in conjunction with the antecedent facts,' create a new claim to relief." *Lucky Brand Dungarees*, 140 S. Ct. at 1596 (quoting Restatement (Second) of Judgments § 24, cmt. f).  In other words, if "the same evidence [would] support and establish both the present and the former cause of action," then they are the same cause of action for res judicata purposes. *Tohono O'odham Nation*, 563 U.S. at 316 (internal quotation marks omitted); *see also Citibank*, 904 F.2d at 1503.

The current lawsuit and the prior Tax Court cases arose from a common nucleus of operative fact.  In each lawsuit, plaintiffs challenged the IRS's decision not to pursue their whistleblower claims alleging that various entities had not qualified as REMICs.  (*Compare* Doc. 1 at 8–13,

-49-

*with* Doc. 1 at 105–26, 209–50.)  Indeed, in each petition or complaint, plaintiffs alleged that the IRS acted in an arbitrary and capricious manner, and failed to engage in reasoned decision-making, when it decided not to pursue their claims.  (Doc. 1 at 10–13, 122–26, 246–50.) Moreover, plaintiffs premised each lawsuit on the notion that the IRS had a duty to take enforcement action against the entities identified in their whistleblower claims.  (Doc. 1 at 12, 123, 125, 247, 250.)  As the District Court correctly recognized (Doc. 24 at 11), plaintiffs did not identify any "different facts" that underlie the current lawsuit as compared to the two earlier lawsuits.  Nor do they attempt to do so on appeal, instead arguing that an APA claim is legally different—as opposed to based on different facts—than the claims they brought in the Tax Court.  (Br. 15–17.)  All three lawsuits are based on the same facts and the same alleged duty of the IRS, and thus involve the same cause of action for res judicata purposes.  *See Lucky Brand Dungarees*, 140 S. Ct. at 1595; *Ragsdale*, 193 F.3d at 1239.

-50-

### 3. Plaintiffs' belated reliance on *Li* constitutes an impermissible collateral attack on the Tax Court's jurisdiction

Plaintiffs contend that this case could not involve the same cause of action as their prior Tax Court cases because the Tax Court lacked jurisdiction in those cases. (Br. 15, 17.) Plaintiffs first made this argument in their post-judgment motion for reconsideration (Doc. 26 at 2–5), citing *Li v. Commissioner*, 22 F.4th 1014 (D.C. Cir. 2022), a D.C. Circuit opinion holding that "§ 7623(b)(4) confers jurisdiction only when there is both an IRS action based on whistleblower information *and* proceeds collected from that action." *Id.* at 1018. Because *Li* was issued months before the United States moved to dismiss and was cited in that motion (Doc. 10 at 9), the District Court correctly recognized that "there was no reason that Plaintiffs could not have made these arguments in their response to the motion to dismiss." (Doc. 29 at 3.) *See Samara*, 38 F.4th at 149. The District Court therefore did not abuse its discretion in holding that plaintiffs could not rely on the "intervening change in law" justification for reconsideration. *See, e.g.*, *Banister v. Davis*, 140 S. Ct. 1698, 1703 n.2 (2020).

-51-

Although plaintiffs' reliance on *Li* was raised too late, the District Court nonetheless correctly rejected it on the merits as an impermissible "collateral[ ] attack [on] the Tax Court's jurisdiction in this case."  (Doc. 29 at 3 (citing *Ins. Corp. of Ireland v. Compagnie des Bauxites de Ginee*, 456 U.S. 694, 702 n.9 (1982)).)  Res judicata "appl[ies] to jurisdictional determinations."  *Ins. Corp. of Ireland*, 456 U.S. at 702 n.9.  "A party that has had an opportunity to litigate the question of subject-matter jurisdiction" thus cannot "reopen that question in a collateral attack upon an adverse judgment."  *Id.*; *see Chicot Cnty. Drainage Dist. v. Baxter State Bank*, 308 U.S. 371, 378 (1940) (expressly rejecting the notion that litigants who "failed to raise the question [of subject matter jurisdiction] in the proceeding to which they were parties and in which they could have raised it and had it finally determined, were privileged to remain quiet and raise it in a subsequent suit").

Here, plaintiffs were the ones who invoked the Tax Court's jurisdiction by filing the prior cases.  (Doc. 1 at 101–31, 207–58.)  They asserted that the Tax Court had jurisdiction over their challenges to the IRS's denial of their whistleblower claims under I.R.C. § 7623(b)(4).

-52-

(Doc. 1 at 105, 134–35, 209, 266.)  Consistent with its prior decision in *Cooper v. Commissioner*, 135 T.C. 70 (2010), the Tax Court determined that it had jurisdiction under § 7623(b)(4) but that plaintiffs were not entitled to whistleblower awards.  (Doc. 1 at 134–38, 266–68.)  Having lost in the Tax Court, plaintiffs cannot now collaterally attack the Tax Court's jurisdiction to adjudicate the petitions that they filed.  *See Ins. Corp. of Ireland*, 456 U.S. at 702 n.9.  That is true notwithstanding *Li*'s abrogation of *Cooper*.[11]  *See Moitie*, 452 U.S. at 398–99 & n.4 ("[T]he res judicata consequences of a final, unappealed judgment on the merits [are not] altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").  The District Court thus acted appropriately, and did not abuse its discretion, in refusing to permit plaintiffs to collaterally attack the Tax Court's jurisdiction in the prior cases.

---

[11] Nor does *Li* alter the Tax Court's status as a "court of competent jurisdiction" for res judicata purposes.  *See Orlando Residence, Ltd. v. GP Credit Co., LLC*, 553 F.3d 550, 556 (7th Cir. 2009) (Posner, J.) (noting that, in the context of res judicata as applied to jurisdictional issues, the term "court of competent jurisdiction" refers to "a court authorized to decide the kind of case in which the jurisdictional question arises").

# CONCLUSION

The judgment of the District Court should be affirmed.

Respectfully submitted,

DAVID A. HUBBERT
  *Deputy Assistant Attorney General*

/s/ Lauren E. Hume

ARTHUR T. CATTERALL              (202) 514-2937
LAUREN E. HUME                   (202) 307-2279
  *Attorneys*
  *Tax Division*
  *Department of Justice*
  *Post Office Box 502*
  *Washington, D.C. 20044*
  *Appellate.TaxCivil@usdoj.gov*
  *Lauren.E.Hume@usdoj.gov*

*Of Counsel:*
MARKENZY LAPOINTE
  *United States Attorney*

FEBRUARY 21, 2023

# CERTIFICATE OF COMPLIANCE

## With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

Check the appropriate box in section 1, and check the box in section 2.

### 1. Type-Volume

[X]    This document complies with the word limit of FRAP 32(a)(7)(B) because, excluding the parts of the document exempted by FRAP 32(f), this document contains 10,551 words.

**or**

[ ]    This brief complies with the line limit of FRAP ____ because, excluding the parts of the brief exempted by FRAP 32(f) and ____, this brief uses a monospaced typeface and contains ____ lines of text.

### 2. Typeface and Type-Style

[X]    This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6).

/s/ Lauren E. Hume

Attorney for United States of America on behalf of Commissioner of Internal Revenue

Dated: 02/21/2023

-55-

## CERTIFICATE OF SERVICE

I hereby certify that on this 21nd day of February, 2023, this brief was filed with the Clerk of the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system, and seven (7) paper copies were sent to the Clerk by First Class Mail. On the same date, this brief was sent to all parties' counsel via CM/ECF.

/s/ Lauren E. Hume
Lauren E. Hume
*Attorney*